**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Miroslaw Sikora, | No. CV-13-02113-PHX-NVW |
| Plaintiff, | **ORDER** |
| v. | |
| Carolyn W. Colvin, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff Miroslaw Sikora seeks review under 42 U.S.C. § 405(g) of the final decision of the Commissioner of Social Security ("the Commissioner"), which denied him disability insurance benefits under sections 216(i) and 223(d) of the Social Security Act. Because the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence and is not based on legal error, the Commissioner's decision will be affirmed.

I.      **BACKGROUND**

Plaintiff was born in January 1961. In 1984 he obtained a J.D. degree in Poland, and in 2001 he obtained a B.A. degree in business administration from National Louis University in Chicago. He worked as a prosecuting attorney in Poland. After he moved to the United States, Plaintiff worked in merchandising and shipping/receiving. Plaintiff's last full-time job was as a textbook manager at a college bookstore. In October 2008, Plaintiff completed his training as a textbook manager, but there was no job for

him in Phoenix, and he was not able to relocate.   He received unemployment compensation until October 2009.

On October 2, 2009, Plaintiff was hospitalized for fever and acute breathing difficulty, caused by flu and pneumonia.  He remained hospitalized through December 16, 2009, with a tracheostomy and ventilator for respiration and a gastrointestinal tube for nourishment.  He was transferred to a skilled nursing facility, where he remained until January 16, 2010.  After discharge from the skilled nursing facility, he used a walker until the end of 2010.  He reports continued fatigue and difficulty breathing, standing, and walking.

On January 25, 2010, shortly after discharge from the skilled nursing facility, Plaintiff applied for disability insurance benefits, alleging disability beginning October 2, 2009.  On November 14, 2011, he appeared with his attorney and testified at a hearing before the ALJ.  A vocational expert also testified.

On December 19, 2009, the ALJ issued a decision that Plaintiff was not disabled within the meaning of the Social Security Act.  The Appeals Council denied Plaintiff's request for review of the hearing decision, making the ALJ's decision the Commissioner's final decision.  On October 15, 2013, Plaintiff sought review by this Court.

**II.   STANDARD OF REVIEW**

The district court reviews only those issues raised by the party challenging the ALJ's decision.  *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).  The court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error.  *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).  Substantial evidence is more than a scintilla, less than a preponderance, and relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole.  *Id.*  In determining whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence."  *Id.*

1  As a general rule, "[w]here the evidence is susceptible to more than one rational

2  interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be

3  upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted);

4  *accord Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) ("Even when the evidence

5  is susceptible to more than one rational interpretation, we must uphold the ALJ's findings

6  if they are supported by inferences reasonably drawn from the record.").

7  **III.    FIVE-STEP SEQUENTIAL EVALUATION PROCESS**

8          To determine whether a claimant is disabled for purposes of the Social Security

9  Act, the ALJ follows a five-step process.  20 C.F.R. § 404.1520(a).  The claimant bears

10  the burden of proof on the first four steps, but the burden shifts to the Commissioner at

11  step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

12          At the first step, the ALJ determines whether the claimant is engaging in

13  substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(i).  If so, the claimant is not

14  disabled and the inquiry ends. *Id.*  At step two, the ALJ determines whether the claimant

15  has a "severe" medically determinable physical or mental impairment.

16  § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.*  At step

17  three, the ALJ considers whether the claimant's impairment or combination of

18  impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P

19  of 20 C.F.R. Pt. 404.  § 404.1520(a)(4)(iii).  If so, the claimant is automatically found to

20  be disabled. *Id.*  If not, the ALJ proceeds to step four.  At step four, the ALJ assesses the

21  claimant's residual functional capacity and determines whether the claimant is still

22  capable of performing past relevant work. § 404.1520(a)(4)(iv).  If so, the claimant is not

23  disabled and the inquiry ends. *Id.*  If not, the ALJ proceeds to the fifth and final step,

24  where he determines whether the claimant can perform any other work based on the

25  claimant's residual functional capacity, age, education, and work experience.

26  § 404.1520(a)(4)(v).  If so, the claimant is not disabled. *Id.*  If not, the claimant is

27  disabled. *Id.*

28

At step one, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through June 30, 2014, and that he has not engaged in substantial gainful activity since October 2, 2009, the alleged onset date.  At step two, the ALJ found that Plaintiff has the following severe impairments:   status post H1N1-induced respiratory failure, status post tracheostomy, diabetes mellitus type II, hypertension, and shortness of breath.  At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.

At step four, the ALJ found that Plaintiff:

> has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) subject to the following.  He should avoid climbing ladders, ropes, or scaffolds; he can occasionally climb ramps or stairs, balance, stoop, kneel, crouch, or crawl; he should avoid concentrated exposure to unprotected heights or use of moving machinery; and he should avoid concentrated exposure to irritants such as fumes, odors, dusts, or gases.

The ALJ further found that Plaintiff is capable of performing past relevant work as a shipping clerk.

## IV.   ANALYSIS

The only issue Plaintiff has raised in this appeal is whether the ALJ failed to provide clear and convincing reasons for rejecting Plaintiff's subjective symptom testimony.  The ALJ did not reject Plaintiff's testimony entirely, but rather found it "to be not wholly credible concerning his symptoms of impairment and overall allegations of disability."

In evaluating the credibility of a claimant's testimony regarding subjective pain or other symptoms, the ALJ is required to engage in a two-step analysis:  (1) determine whether the claimant presented objective medical evidence of an impairment that could reasonably be expected to produce some degree of the pain or other symptoms alleged; and, if so with no evidence of malingering, (2) reject the claimant's testimony about the severity of the symptoms only by giving specific, clear, and convincing reasons for the

rejection. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). In making a credibility determination, an ALJ "may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the claimant's allegations." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) (internal quotation marks and citation omitted). But "an ALJ may weigh inconsistencies between the claimant's testimony and his or her conduct, daily activities, and work record, among other factors." *Id.*

First, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms. Second, the ALJ found Plaintiff's statements regarding the intensity, persistence, and limiting effects of the symptoms not credible to the extent they are inconsistent with the ALJ's residual functional capacity assessment.

In his Function Report dated March 3, 2010, Plaintiff reported that his daily activities included watching television, exercising, reading books, washing, and helping his child with homework. He said he was unable to walk, lift objects, or type on a computer. Other than using a hand rail in the bathroom, he did not report any difficulty with personal care. He said he did not prepare meals or do house or yard work because of his limited ability to walk, stand, and use his hands. He reported that medication prevented him from driving. He reported that he was able to pay bills, count change, handle a savings account, and use a checkbook. He said that he watched television, read books, and talked to others every day, but he no longer visited friends and family. He said he could walk 100 yards before stopping to rest for a minute before resuming walking. He reported that he could follow written and oral instructions well and handled stress and changes in routine well.

At the administrative hearing on November 14, 2011, Plaintiff testified that he is unable to work because of fatigue and mobility problems due to weak muscles. He said he stopped using a walker by the end of 2010 because he got more tired from pushing the

walker than from walking.  He testified that he was hospitalized again in March 2011 because of coughing attacks and breathing problems, which he said had continued since January 2010.  He said in September 2011 he was hospitalized for a week because he could not feel his arms and legs and almost blacked out due to low blood pressure.  He also testified that he experiences muscle cramps in his legs and back and experiences severe pain in his legs and feet when he stands or walks.  He rated his pain level as between 7 and 8 on a scale of 0 to 10.  He said he has been tired since his first hospital stay, but the fatigue is getting worse.  On a scale of 0 to 10, he rated his fatigue level as between 9 and 10.  He testified that he lies down for a total of five or six hours over the course of a typical day.  He estimated that in an eight-hour day, he could sit for 15–30 minutes at a time for a total of no more than four hours, and he could stand no more than ten minutes at a time for a total of one or two hours.  He estimated that he could walk for 15 minutes, but that would be all he could walk during one day.  He testified he cannot lift more than ten pounds because he feels exhausted if he does.  He said he cannot exercise because of his legs.

Plaintiff testified that he uses a cane and a wheelchair in addition to a walker.  He said he uses the wheelchair when his wife takes him somewhere because he does not have a parking permit for disabled persons.

Plaintiff also testified that he has problems with focusing and concentrating, which he believed were caused by depression and medications.  He said his medications cause dizziness, nausea, nervousness, and sleepiness.  He also testified that he has social anxiety and that he did not have it before October 2009.  He takes Paxil, which he said alleviates his anxiety.

The ALJ stated multiple reasons for finding Plaintiff's testimony not wholly credible.[1]  He found that Plaintiff's 2004 DUI reflected poorly on Plaintiff's overall

---

[1] Plaintiff's assertion that the ALJ identified only "two reasons, a 2004 DUI and a lack of objective evidence," is incorrect.

credibility.  He found that Plaintiff may have embellished his symptoms of anxiety because he had never sought psychological or psychiatric treatment for anxiety, which he had experienced since childhood, and he had been able to work as an adult despite the anxiety.  The ALJ found that Plaintiff's testimony regarding his ability to stand and walk was inconsistent with his conduct during a consultative examination:  standing quickly, moving about an exam room without an assistive device, standing on each leg independently on heels and toes, and squatting without assistance.  He further noted that Plaintiff's treating family practitioner believed Plaintiff's overall weakness was related to deconditioning and referred him for physical therapy.  The ALJ also identified objective medical evidence showing that Plaintiff's pulmonary functioning had returned to "very close to the predicted normal" and his blood pressure and diabetes were under control.

The ALJ did not dispute that from October 2, 2009, through January 16, 2010, Plaintiff was fully incapacitated from any work activity.  But the ALJ found that Plaintiff subsequently improved with treatment and did not remain totally disabled from work activity for a continuous period of not less than twelve months as required by 20 C.F.R. § 404.1505(a).  Substantial evidence supports that the ALJ provided clear and convincing reasons for partially discounting Plaintiff's subjective symptom testimony.

IT IS THEREFORE ORDERED that the final decision of the Commissioner of Social Security is affirmed.  The Clerk shall enter judgment accordingly and shall terminate this case.

Dated this  8th day of October, 2014.

_____
Neil V. Wake
United States District Judge

- 7 -